UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELVIN GENE WRIGHT,

    Plaintiff,

v.                                                 Case No. 3:15-cv-1197-J-39JBT

COMMUNITY REHABILITATION CENTER,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated this case on October 7, 2015. (Doc. 1; Complaint). The Complaint was stricken for a number of reasons, including failure to comply with the Federal Rules of Civil Procedure. (Doc. 3; 10/13/15 Order). The 10/13/15 Order directed Plaintiff to the Middle District's guide for pro se litigants; instructed Plaintiff that he must adhere to the requirements of both the Local Rules for the Middle District of Florida and the Federal Rules of Civil Procedure (collectively, the "Rules"); and cautioned Plaintiff that failure to adhere to the Rules could lead to dismissal of his case. Id. at 3 and 4. Plaintiff subsequently filed his Amended Complaint (Doc. 4), to which the Court responded by reiterating the importance of Plaintiff adhering to the Rules. (Doc. 5; 11/17/15 Order). The 11/17/15 Order required Plaintiff to perfect service of process on Defendant and file proof of that service on or before March 15, 2016. Id. at 6. After March 15, 2016 passed without Plaintiff providing proof of service or waiver thereof, the Court sua sponte extended the deadline for Plaintiff to provide proof of service of process to May 20, 2016. (Doc. 6; 3/21/16 Order). May 20, 2016 has passed without a response from Plaintiff.

Plaintiff's failure to respond may be due, in part, to the fact that Plaintiff did not receive the 3/21/16 Order. The Clerk of the Court noted on the Docket that Plaintiff's mail was

returned as undeliverable and without a forwarding address. The Clerk of the Court was also unable to contact Plaintiff by phone because his listed phone number has been disconnected. While Plaintiff's lack of response may be explained by his failure to receive a copy of the Court's 3/21/16 Order, Plaintiff's failure "to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case." Grisson v. Parsons, No. CV 308-106, 2009 WL 1174776, at *1 (S.D. Ga. Apr. 27, 2009). Plaintiff's failure to comply with the Court's 11/17/2015 Order and Federal Rule of Civil Procedure 4(m) serve as additional and independent grounds for dismissal of this case. See Fed. R. Civ. P. 4(m); see also Birdette v. Saxon Mortgage, 502 F. App'x 839, 840 (11th Cir. 2012) ("Under Rule 41(b), a court has authority to dismiss actions for, inter alia, failure to obey court orders . . . [upon] a finding that lesser sanctions would not suffice.") (internal quotations and citation omitted). Given that Plaintiff has failed repeatedly to comply with this Court's Orders, failed to timely effect service of process despite two extensions of time in which to do so, and failed to afford the Court an ability to contact Plaintiff, nothing short of dismissal of this case will suffice.

Accordingly, after due consideration, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall terminate all pending motions and close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this 1st day of June, 2016.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Unrepresented Party